| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 7/19/2021 |
| LIC 41-18 42TH STREET LLC, and LIONS GROUP II LLC,<br><br>                Plaintiffs,<br><br>      -against-<br><br>MAIN STREET AMERICA INSURANCE COMPANY,<br><br>                Defendant. | 1:21-cv-5502 (MKV)<br><br>REMAND ORDER |

MARY KAY VYSKOCIL, United States District Judge:

On June 29, 2021, the Court issued an order directing Defendant to show cause why this case should no be dismissed for lack of subject matter jurisdiction. *See* Order to Show Cause, ECF No. 4. Specifically, despite its assertion that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, Defendant did not adequately plead the membership of the Plaintiff LLCs in its notice of removal. *See* Notice of Removal, ECF No. 3. Those details are necessary to establish an LLC party's domicile. *See Avant Capital Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) ("A limited liability company takes the citizenship of its members." (citing *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012))).

      Defendant responded to the Court's order by filing a letter and a proposed amended notice of removal. However, the proposed amended notice of removal merely alleges that all members of the Plaintiff LLCs are citizens of New York and Connecticut "upon information and belief." *See* Proposed Amended Notice of Removal, ECF No. 6-1, ¶¶ 4-5. Defendant's letter does not provide any more detail. Defendant alleges certain, but not necessarily all members of the Plaintiff LLCs. *See* Letter to Court, ECF No. 6, at 2 ("[T]he members of Lions Group II

LLC *include* Albert Shirian and his brother Ramin Shirian . . . . [T]he members of LIC 41-18 24th Street, LLC's *appear to include* two other LLCs . . . ."). However, Defendant does not adequately allege the members of the "two other LLCs," instead only identifying their managing members. *Id.*

This is insufficient. "[I]f either of the LLC-parties have members which are LLC's, the citizenship of the members of those LLC's must also be given, and must be diverse." *Avant Capital Partners, LLC*, 387 F. Supp. 3d at 322. "It is not enough to allege, in conclusory fashion, that none of a[n] [] LLC's members are citizens of the same state as the plaintiff. Nor may a plaintiff allege that all of the LLC's members are citizens of a certain state." *Flemming v. Port Auth. of New York & New Jersey*, No. 21-cv-1112 (BMC), 2021 WL 878558, at *2 (E.D.N.Y. Mar. 9, 2021). Here, because Defendant has not provided the citizen of all members of the Plaintiff LLCs, the Court cannot determine that it has subject matter jurisdiction over this case. As a result, it is hereby ordered that this case is REMANDED to New York Supreme Court, Nassau County.

In light of this outcome, the Court does not reach the issues related to venue.

**SO ORDERED.**

**Date: July 19, 2021**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**